IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-HC-2004-D

| | | |
|---|---|---|
| JORGE J. SOLANO-MORETA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY W. JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

On January 5, 2012, Jorge J. Solano-Moreta ("Solano-Moreta" or "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. At that time, Solano-Moreta also filed supporting exhibits [D.E. 1-1]. On March 26, 2012, Solano-Moreta filed a motion requesting that the court order that the Bureau of Prisons ("BOP") not transfer Solano-Moreta [D.E. 3]. The court reviews the petition pursuant to 28 U.S.C. § 2243 and dismisses the petition.

Solano-Moreta pleaded guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) and (b) and to carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). See United States v. Solano-Moreta, No. 98-1091, 1998 WL 1085815, at *1 (1st Cir. Dec. 1, 1998) (unpublished); see also Pet. [D.E. 1] 1–2. Solano-Moreta appealed his conviction and sentence, and, on December 1, 1998, the United States Court of Appeals for the First Circuit affirmed both. See Solano-Moreta, 1998 WL 1085815, at *3.

On June 24, 2005, Solano-Moreta filed a motion to vacate his sentence under 28 U.S.C. § 2255. See Solano-Moreta v. United States, No. 3:05-CV-1692-SEC, [D.E. 1] (D.P.R.). The court denied the motion on July 23, 2007. Id., [D.E. 10]; see Pet. 4. On March 2, 2008, Solano-Moreta

filed a motion for retroactive application of the United States Sentencing Guidelines under 18 U.S.C. § 3582, see United States v. Solano-Moreta, No. 3:95-CR-160-SEC-1, [D.E. 1926] (D.P.R.), which the court denied on December 11, 2008. Id., [D.E. 1961]. On September 2, 2008, Solano-Moreta filed a motion to dismiss the indictment, see id., [D.E. 1955], which the court denied on December 11, 2008. Id., [D.E. 1960]. Solano-Moreta appealed, see id., [D.E. 1967], and on November 10, 2009, the First Circuit affirmed. Id., [D.E. 1991]. Solano-Moreta then sought leave to file a second or successive section 2255 motion, which the First Circuit denied on June 5, 2012. Id., [D.E. 2019].

On January 24, 2008, in the Eastern District of Kentucky, Solano-Moreta filed a section 2241 petition. See Solano-Moreta v. Rios, No. 7:08-CV-18-KKC, [D.E. 1, 5] (E.D. Ky.). On February 4, 2008, the court dismissed the petition. Id., [D.E. 5]. Solano-Moreta appealed, see id., [D.E. 13], and, on March 18, 2009, the Sixth Circuit affirmed. Id., [D.E. 15]. On December 18, 2009, the United States Supreme Court denied certiorari. Id., [D.E. 18].

Although Solano-Moreta filed a petition under section 2241, he attacks the legality, rather than the execution, of his conviction and sentence. See Pet. 2–6. Specifically, Solano-Moreta asserts that he pleaded guilty to a different crime than the crime of which he was convicted, that he was not "giv[en] . . . the opportunity to [object] at the sentencing hearing[,]" "that a crime of violence is a totally different offense than a drug trafficking crime[,]" that the BOP improperly designated him to a "higher security level prison[,]" that he was denied effective assistance of counsel, and that the First Circuit "reviewed [his] factual innocence claim on a totally different crime than the one [he] was charged and pled guilty." Solano-Moreta must challenge the legality of his conviction and sentence under section 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial,

2

115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 is inadequate or ineffective to test the legality of a conviction or sentence when three conditions exist:

> (1) at the time of conviction, settled law . . . established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first [section] 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of [section] 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a section 2255 motion. Vial, 115 F.3d at 1194 n.5.

The court cannot convert Solano-Moreta's section 2241 petition into a section 2255 motion because Solano-Moreta is procedurally barred from filing a section 2255 motion. A prisoner cannot bring a second or successive section 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see United States v. Winestock, 340 F.3d 200, 204–05 (4th Cir. 2003). Solano-Moreta previously filed a section 2255 motion. See Solano-Moreta, No. 3:05-CV-1692, [D.E. 1]. The First Circuit has not authorized him to file another. Thus, the court dismisses the petition.

Solano-Moreta requests an order preventing his transfer during the pendency of this case. See Mot. Transfer [D.E. 4]. However, a prisoner has no right to a specific custody classification, to a transfer, to a non-transfer, or to work release. See O'Bar v. Pinion, 953 F.2d 74, 83–84 (4th Cir. 1991). Therefore, Solano-Moreta's motion is denied.

After reviewing the petition in light of the applicable standard, reasonable jurists would not find the court's treatment of any of Solano-Moreta's claims debatable or wrong, and none of the

3

issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability.

In sum, the court DISMISSES without prejudice Solano-Moreta's petition for a writ of habeas corpus under 28 U.S.C. § 2241 for failure to state a claim, and DENIES Solano-Moreta's motion [D.E. 3]. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This __25__ day of July 2012.

JAMES C. DEVER III
Chief United States District Judge